# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JOSE S. SOTO, SR.,**
        **Petitioner,**

**v.**                                          **Case No. 06C0925**

**TIMOTHY LUNDQUIST,**
        **Respondent.**

---

## ORDER

On August 30, 2006, Jose S. Soto, Sr. petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 14, 2007, I denied his petition, and petitioner has since filed a notice of appeal

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. See 28 U.S.C. § 2253(c)(3).

Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

None of the issues raised by petitioner deserves encouragement to proceed further nor is the denial of each issue debatable among jurists of reason. Petitioner argues that his trial counsel was unconstitutionally ineffective for failing to impeach a witness and for failing to present alibi evidence. In addition, he argues that the Wisconsin courts denied him due process of law when they refused to grant him a second trial based on newly discovered evidence. As to the impeachment evidence, I interpreted the state court decision as having found that any deficiency in performance failed to prejudice petition and I agreed. The testimony of the witness at issue was very strong and therefore evidence that the witness's testimony was a little off as to petitioner's weight would not have affected the trial. As to petitioner's alibi claim, I agreed with the state court that petitioner's trial counsel was under no obligation to investigate whether petitioner – his own client – was lying to him about his alibi and discover his "true" alibi. Finally, I found that petitioner had procedurally defaulted his due process claim. And in any event, there is no Seventh Circuit law, much less Supreme Court law, indicating that a criminal defendant has a due process right to a new trial based on newly discovered evidence.

I do not believe jurists of reason would differ as to any of the issues petitioner presented in this case and I do not believe these issues should proceed further. Accordingly, for the same reasons as set forth in my August 14, 2007, Decision and Order, petitioner has not made a substantial showing of the denial of any constitutional right.

Therefore,

**IT IS ORDERED** that Jose S. Soto, Sr.'s implied request for a certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin, this 24 day of September, 2007.


/s_____
LYNN ADELMAN
District Judge